UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-cr-00193-BAH |
| | : |
| GREG RUBENACKER, | : |
| | : |
| Defendant. | : |

UNITED STATES' AND DEFENDANT'S JOINT MOTION TO CONTINUE
CHANGE OF PLEA HEARING AND DEADLINES IN JANUARY 7, 2022, MINUTE
ORDER, AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America hereby moves this Court for a continuance, to January 28, 2022, February 1, 2022, or February 2, 2022, of the above-captioned proceeding; to continue the requirements set forth in the Court's January 7, 2022 Minute Order; and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of its motion, the government states as follows:

## FACTUAL BACKGROUND

Defendant is charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. Specifically, Defendant in this case is charged with engaging in acts of civil disorder, in violation of 18 U.S.C. § 231(a)(3); assaulting federal law enforcement officers, in violation of 18 U.S.C. § 111(a)(1); obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and unlawfully entering the United States Capitol building and engaging in disorderly conduct, in violation of a series of misdemeanors.

At a December 17, 2021, status hearing in this matter, the parties notified the Court that

the defendant intends to plead guilty but the parties are finalizing the details of the plea agreement. As a result, the Court scheduled a January 14, 2022, plea hearing.

On January 7, 2022, the Court issued a Minute Order, directing the parties, by noon on January 12, 2022, "to submit jointly a report that: (1) identifies the video evidence on which the factual statements in the Statement of Offense associated with defendant's plea are based, including the length and source(s) of each video; and (2) provides the parties' positions on whether this video evidence may be made publicly available without restriction." The Order also requires the government "to make any referenced video evidence available for the Court's review."

## **ARGUMENT**

The undersigned defense counsel has recently contracted COVID-19 and has been unable to work on finalizing the details of the plea. Thus, the parties jointly request the Court continue the change of plea hearing to January 28, 2022. If the Court is unavailable on that date, the parties request the Court continue the change of plea hearing to February 1, 2022, or February 2, 2022. Due to these circumstances, the parties also jointly request that the Court continue the deadlines in the Court's Minute Order to two days prior to the change of plea hearing and exclude time under the Speedy Trial Act through the change of plea hearing.

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

2

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

3

WHEREFORE, the government respectfully requests that this Court grant the motion for a continuance of the above-captioned proceedings, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

                                         Respectfully submitted,

                                         MATTHEW GRAVES
                                         Acting United States Attorney
                                         DC Bar No. 481052

By:    */s/ Laura E. Hill*
             LAURA E. HILL
             Trial Attorney, Detailee
             NV Bar No. 13894
             175 N Street, NE, 9th Floor
             Washington, D.C. 20002
             Laura.E.Hill@usdoj.gov
             (202) 598-3962

             *Counsel for the United States*

             [signature]
             MICHAELANGELO MATERA
             The Matera Law Firm
             560 Broadhollow Road
             Suite 203
             Melville, NY 11747
             mmatera@materalaw.com
             (516) 741-6700

             *Counsel for Greg Rubenacker*