UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 21-cr-00193-BAH |
| | : |
| GREG RUBENACKER, | : |
| | : |
| Defendant. | : |

### UNITED STATES' AND DEFENDANT'S
### JOINT MOTION TO CONTINUE CHANGE OF PLEA HEARING
### AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

The United States of America and Defendant hereby move this Court for a continuance, to February 10 or 11, 2022, of the above-captioned proceeding and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv). In support of the motion, the parties state as follows:

### FACTUAL BACKGROUND

Defendant is charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. Specifically, Defendant in this case is charged with engaging in acts of civil disorder, in violation of 18 U.S.C. § 231(a)(3); assaulting federal law enforcement officers, in violation of 18 U.S.C. § 111(a)(1); obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and unlawfully entering the United States Capitol building and engaging in disorderly conduct, in violation of a series of misdemeanors.

At a December 17, 2021, status hearing in this matter, the parties notified the Court that Defendant intends to plead guilty but the parties are finalizing the details of the plea agreement.

As a result, the Court scheduled a January 14, 2022, change of plea hearing. On January 10, 2022, at the request of the parties, the Court continued the change of plea hearing to January 28, 2022.

## ARGUMENT

Defendant is no longer considering accepting the government's plea offer. Defendant is, however, considering pleading to the Indictment, and Counsel would like a short adjournment to allow time to further explain the process and situation to the Defendant. Thus, to allow Defendant additional time to consider pleading to the Indictment and to preserve judicial resources, the parties jointly request the Court continue the change of plea hearing to February 10 or 11, 2022.

Should the Court want the parties to still appear on the scheduled January 28th conference to provide a further explanation of the situation, the parties are still willing and able to appear on the scheduled date and time.

If, five business days before the change of plea hearing[1], the Defendant has not made a decision regarding a plea, or if Defendant has decided not to enter a plea, the parties will notify the Court and request that the Court convert the change of plea hearing to a status conference.

The parties also jointly request that the Court exclude time under the Speedy Trial Act through the change of plea hearing. Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own

---

[1] Pursuant to the Court's Standing Order, docket entry 10, the parties must submit the written plea agreement and Statement of Offense to the Court at least five business days in advance of the change of plea hearing.

2

motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv).

WHEREFORE, the parties respectfully request that this Court grant the motion for a continuance of the change of plea hearing and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

MATTHEW GRAVES
Acting United States Attorney
DC Bar No. 481052

By: _____

LAURA E. HILL
Trial Attorney, Detailee
NV Bar No. 13894
175 N Street, NE, 9th Floor
Washington, D.C. 20002
Laura.E.Hill@usdoj.gov
(202) 598-3962

*Counsel for the United States*

_____

MICHAELANGELO MATERA
The Matera Law Firm
560 Broadhollow Road
Suite 202
Melville, NY 11747
mmatera@materalaw.com
(516) 741-6700

*Counsel for Greg Rubenacker*

4