UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-00193-BAH |
| | : | |
| GREG RUBENACKER, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' SUBMISSION IN SUPPORT OF GUILTY PLEA**

On February 7, 2022, the defendant, Greg Rubenacker, notified the Court that he intended to plead to the 10-count Superseding Indictment, docket entry 33. On February 8, 2022, the Court ordered the government to submit to the Court the elements of each offense in the Superseding Indictment, and the factual basis supporting the charges. This submission provides the information required by the Court's February 8, 2022, Minute Order.

**I.      Background**

On November 10, 2021, the grand jury returned a 10-count Superseding Indictment in the above-captioned case. ECF No. 33. The Superseding Indictment charged the defendant with:

- Count One: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3);

- Count Two: Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and (2);

- Count Three: Assaulting, Resisting or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1);

- Count Four: Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1);

- Count Five: Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2);

1

- Count Six: Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4);

- Count Seven: Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D);

- Count Eight: Impeding Passage Through the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(E);

- Count Nine: Acts of Physical Violence in the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(F); and

- Count Ten: Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G).

On February 7, 2022, defense counsel notified the Court that the defendant planned to plead to the Superseding Indictment at the Change of Plea Hearing scheduled for February 11, 2022. On February 8, 2022, the Court ordered "the government to submit, by February 10, 2022, at noon, the elements of each offense in the ten counts in the Superseding Indictment, and the factual basis supporting each element in each count to elicit admissions to such facts from defendant, as required by Federal Rule of Criminal Procedure 11(b)(3)."

**II.     Elements and Maximum Penalties of Each Offense**

   A. *Count One: Civil Disorder, 18 U.S.C. § 231(a)(3)*

To prove that the defendant is guilty of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), the government must prove the following beyond a reasonable doubt:

1. That the defendant committed or attempted to commit any act to obstruct, impede or interfere with any law enforcement officer;
2. That the law enforcement officer was lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder; and
3. That the civil disorder in any way or degree obstructed, delayed, or adversely affected commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

Title 18, United States Code, Section 232(3) defines "federally protected function" as "any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof."

The maximum penalties for Civil Disorder are:

1. A term of imprisonment of not more than 5 years;
2. A term of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

> B. *Count Two: Obstruction of an Official Proceeding, 18 U.S.C. § 1512(c)(2), (2)*

To prove that the defendant is guilty of Aiding and Abetting Obstruction of an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2), (2), the government must prove the following beyond a reasonable doubt:

1. That the defendant corruptly obstructed, influenced, or impeded any official proceeding or attempted to do so; and
2. Under 18 U.S.C. § 2, that the defendant committed the offense against the United States or aided, abetted, counseled, commanded, induced or procured its commission.

Title 18, United States Code, Section 1515(a)(1)(B) defines "official proceeding" as "a proceeding before the Congress."

The maximum penalties for Aiding and Abetting Obstruction of an Official Proceeding are:

1. A term of imprisonment of not more than 20 years;
2. A term of probation of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

C. *Count Three: Assaulting, Resisting or Impeding Certain Officers, 18 U.S.C. § 111(a)(1)*

To prove that the defendant is guilty of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1), the government must prove the following beyond a reasonable doubt:

1. That the defendant assaulted, resisted, opposed, impeded, intimidated, or interfered with any officer or employee of the United States or of any agency in any branch of the United States Government;
2. That the defendant did so with some use of force;
3. That the defendant did so while the officer or employee was engaged in or on account of the performance of official duties; and
4. That the assault involved physical contact with the victim or the intent to commit another felony.

The maximum penalties for Assaulting, Resisting, or Impeding Certain Officers are:

1. A term of imprisonment of not more than 8 years;
2. A term of probation of supervised release of not more than 3 years;
3. A fine not to exceed $250,000; and
4. A special assessment of $100.

D. *Count Four: Entering and Remaining in a Restricted Building or Grounds 18 U.S.C. § 1752(a)(1)*

To prove that the defendant is guilty of Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1), the government must prove the following beyond a reasonable doubt:

1. That the defendant knowingly entered or remained in any restricted building or grounds without lawful authority to do so.

Title 18, United States Code, Section 1752(c)(1)(B) defines "restricted building or grounds" as "any posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." Section 1752(c)(2) further defines "other person protected by the Secret Service"

4

as "any person whom the United States Secret Service is authorized to protect under section 3056 of this title or by Presidential memorandum, when such person has not declined such protection."

The maximum penalties for Entering and Remaining in a Restricted Building or Grounds are:

1. A term of imprisonment of not more than 1 year;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $100,000; and
4. A special assessment of $10.

### E. Count Five: Disorderly and Disruptive Conduct in a Restricted Building or Grounds 18 U.S.C. § 1752(a)(2)

To prove that the defendant is guilty of Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2), the government must prove the following beyond a reasonable doubt:

1. That the defendant engaged in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds;
2. That such conduct occurred when, or so that, such conduct, in fact, impeded or disrupted the orderly conduct of Government business or official functions; and
3. That the defendant did so knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions.

The maximum penalties for Disorderly and Disruptive Conduct in a Restricted Building or Grounds are:

1. A term of imprisonment of not more than 1 year;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $100,000; and
4. A special assessment of $10.

### F. Count Six: Engaging in Physical Violence in a Restricted Building or Grounds 18 U.S.C. § 1752(a)(4)

To prove that the defendant is guilty of Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4), the government

5

must prove the following beyond a reasonable doubt:

1. That the defendant knowingly engaged in any act of physical violence against any person or property in any restricted building or grounds.

The maximum penalties for Engaging in Physical Violence in a Restricted Building or Grounds are:

1. A term of imprisonment of not more than 1 year;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $100,000; and
4. A special assessment of $10.

### G. Count Seven: Disorderly Conduct in a Capitol Building 40 U.S.C. § 5104(e)(2)(D)

To prove that the defendant is guilty of Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D), the government must prove the following beyond a reasonable doubt:

1. That the defendant uttered loud, threatening, or abusive language, or engaged in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings; and
2. That the defendant engaged in such actions with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress.

Title 40, United States Code, Section 5101, defines "Capitol Buildings" as including "the United States Capitol." This definition applies throughout the chapter, to include the charges in Counts eight through ten, detailed below.

The maximum penalties for Disorderly Conduct in a Capitol Building are:

1. A term of imprisonment of not more than 6 months;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $5,000; and
4. A special assessment of $10.

### H. Count Eight: Impeding Passage Through the Capitol Grounds or Building 40 U.S.C. § 5104(e)(2)(E)

To prove that the defendant is guilty of Impeding Passage Through the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(E), the government must prove the following beyond a reasonable doubt:

1. That the defendant obstructed, or impeded passage through or within, the Grounds or any of the Capitol Buildings; and
2. That the defendant did so willfully and knowingly.

The maximum penalties for Impeding Passage Through the Capitol Grounds or Building are:

1. A term of imprisonment of not more than 6 months;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $5,000; and
4. A special assessment of $10.

### I. Count Nine: Acts of Physical Violence in the Capitol Grounds or Building 40 U.S.C. § 5104(e)(2)(F)

To prove that the defendant is guilty of Acts of Physical Violence in the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(F), the government must prove the following beyond a reasonable doubt:

1. That the defendant engaged in an act of physical violence in the Grounds or any of the Capitol Buildings; and
2. That the defendant did so willfully and knowingly.

Title 40, United States Code, Section 5104(a)(1) defines "act of physical violence" as "any act involving (A) an assault or other infliction or threat of infliction of death or bodily harm on an individual; or (B) damage to, or destruction of, real or personal property."

The maximum penalties for Acts of Physical Violence in the Capitol Grounds or Building are:

1. A term of imprisonment of not more than 6 months;

2. A term of probation of not more than 5 years;
3. A fine not to exceed $5,000; and
4. A special assessment of $10.

### J. Count Ten: Parading, Demonstrating, or Picketing in a Capitol Building 40 U.S.C. § 5104(e)(2)(G)

To prove that the defendant is guilty of Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G), the government must prove the following beyond a reasonable doubt:

1. That the defendant paraded, demonstrated, or picketed;
2. That the defendant did so in any of the Capitol Buildings; and
3. That the defendant did so willfully and knowingly.

The maximum penalties for Parading, Demonstrating, or Picketing in a Capitol Building are:

1. A term of imprisonment of not more than 6 months;
2. A term of probation of not more than 5 years;
3. A fine not to exceed $5,000; and
4. A special assessment of $10.

## III. Factual Basis Supporting the Charges

The following statement of facts does not purport to include all of the defendant's illegal conduct. It is intended to represent sufficient information for the Court to find a factual basis for accepting the defendant's guilty plea.

Had this case proceeded to trial, the government's evidence would have established beyond a reasonable doubt that:

### *The Attack at the United States Capitol on January 6, 2021*

1. The United States Capitol, which is located at First Street, SE, in Washington, D.C., is secured 24 hours a day by United States Capitol Police. Restrictions around the Capitol include permanent and temporary security barriers and posts manned

by Capitol Police. Only authorized people with appropriate identification are allowed access inside the Capitol.

2. On January 6, 2021, the exterior plaza of the Capitol was closed to members of the public.

3. On January 6, 2021, a joint session of the United States Congress convened at the Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. United States Vice President Michael R. Pence was present and presiding, first in the joint session, and then in the Senate chamber.

4. As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the Capitol, and Capitol Police were present and attempting to keep the crowd away from the Capitol and the proceedings underway inside.

5. At approximately 2:00 p.m., certain individuals in the crowd forced their way through, up, and over the barricades, and officers of the Capitol Police, and the crowd advanced to the exterior façade of the building. The crowd was not lawfully authorized to enter or remain in the building and, prior to entering the building, no members of the crowd

submitted to required security screenings or weapons checks by Capitol Police Officers or other authorized security officials.

6. At such time, the certification proceedings were still underway and the exterior doors and windows of the Capitol were locked or otherwise secured. Shortly after 2:00 p.m., individuals in the crowd entered the Capitol.

7. At approximately 2:20 p.m., members of the House of Representatives and Senate—including the President of the Senate, Vice President Pence—were instructed to, and did, evacuate the chambers. Accordingly, all congressional proceedings, including the joint session, were effectively suspended. In light of the dangerous circumstances caused by the unlawful entry to the Capitol, including the danger posed by individuals who had entered the Capitol without any security screening or weapons checks, congressional proceedings could not resume until after every unauthorized occupant had left the Capitol, and the building had been confirmed secured. The proceedings resumed at approximately 8:00 p.m. after the building had been secured. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the session resumed.

### Greg Rubenacker's Participation in the January 6, 2021, Capitol Riot

8. On January 6, 2021, Rubenacker filmed a large crowd of people in Washington, D.C. He posted the video to social media with the caption, "America is pissed."

9. At approximately 2:13 p.m., Greg Rubenacker unlawfully entered the Capitol through the Senate Wing Door on the west side of the building. The windows on either side of this door were shattered, the door itself had been busted open, and the

windows set in the door had been cracked. Inside the Capitol, Rubenacker recorded multiple videos, including one of himself walking with other individuals through a hallway near where he entered and stating, "Holy shit! This is history! We took the Capitol!"

10. At approximately 2:14 p.m., Rubenacker—surrounded by several other individuals who were yelling, "where are they counting the votes"—approached a Capitol Police Officer guarding an entrance to a flight of stairs. The Capitol Police Officer placed one hand on his utility belt and used his other hand to point the aforementioned individuals away from the entrance. Rubenacker and the other individuals did not leave. The Capitol Police Officer retreated backwards up the stairs, repeatedly yelling "back up," and displaying his extendable baton. Rubenacker and other individuals followed the Capitol Police Officer up multiple flights of stairs and into the Ohio Clock Corridor. In this room, Rubenacker and other individuals shouted at the Capitol Police Officer and other law enforcement officers who had arrived.

11. Soon after, Rubenacker returned to the first floor and exited the Capitol through the Senate Carriage Door on the north side of the Capitol at approximately 2:21 p.m.

12. At 2:42 p.m., Rubenacker unlawfully reentered the Capitol building through the Rotunda Doors on the east side and then entered the Rotunda. While in the Rotunda, Rubenacker smoked marijuana. Rubenacker filmed himself smoking marijuana inside the Rotunda, which he later posted to a social media website with the caption, "Smoke out the Capitol, baby."

13. At approximately 3:05 p.m., multiple law enforcement officers from the United States Capitol Police and Metropolitan Police Department were in the Rotunda

while Rubenacker was still inside. These officers were wearing official uniforms, ranging from standard uniforms to body armor. The officers' uniforms contained badges, name plates, patches, and other distinctive markings indicating that they were law enforcement officers. The officers formed a line and began removing individuals from the Rotunda. At approximately 3:06 p.m., Rubenacker, near the front of the crowd, recorded himself yelling at law enforcement officers, "You serve this country. Are you even proud of yourself? Are you guys even proud of yourselves? Who are you serving? Who are you guys serving? Who are you guys serving? We are the people! Why are you not protecting us?"

14. Law enforcement officers continued to try and remove individuals from the Rotunda. Rubenacker did not leave. At approximately 3:08 p.m., Rubenacker swung a plastic bottle at an officer's head. At approximately 3:09 p.m., Rubenacker sprayed water from his bottle across multiple law enforcement officers engaging with other individuals. Law enforcement pepper sprayed the crowd, including Rubenacker.

15. At approximately 3:12 p.m., law enforcement officers forced Rubenacker out of the Rotunda. While leaving, Rubenacker yelled at police officers, "This is a communist act right here. I hope you guys are proud of that. This is communist act by you guys. This is communist act."

16. At approximately 3:20 p.m., Rubenacker exited the Capitol through the Rotunda Doors on the east side of the Capitol.

17. Rubenacker knew at the time he entered the Capitol that he did not have permission to enter the building. Rubenacker obstructed, influenced, and impeded an official proceeding, that is, a proceeding before Congress, specifically, Congress's

certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18.

18.     Rubenacker knowingly obstructed, impeded, and interfered with law enforcement officers while those officers were lawfully engaged in their official duties incident to a civil disorder that was occurring inside of the Capitol. Specifically, Rubenacker swung a plastic bottle at an officer and sprayed water on multiple law enforcement officers engaging with other individuals at the time.

19. At the time that Rubenacker knowingly engaged in disorderly and disruptive conduct, he was in a restricted building or grounds as defined in 18 U.S.C. § 1752(c). Rubenacker's disorderly and disruptive conduct in fact impeded or disrupted the orderly conduct of government business or official functions.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: _____
LAURA E. HILL
Trial Attorney, Detailee
NV Bar No. 13894
175 N Street, NE, 9th Floor
Washington, D.C. 20002
Laura.E.Hill@usdoj.gov
(202) 598-3962

TROY A. EDWARDS, JR.
Assistant United States Attorney
N.Y. Bar No. 5453741
U.S. Attorney's Office, District of Columbia
555 4th Street, NW
Washington, D.C. 20001
Troy.Edwards@usdoj.gov
(202) 252-7081