UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-00193-BAH |
| | : | |
| GREG RUBENACKER, | : | |
| | : | |
| Defendant. | : | |

UNITED STATES' ESTIMATED SUMMARY OF
DFENDANT'S APPLICABLE SENTENCING GUIDELINES

On February 7, 2022, the defendant, Greg Rubenacker, notified the Court that he intended to plead to the 10-count Superseding Indictment, docket entry 33. On February 10, 2022, the Court ordered the government, by 5 p.m. today, to submit a summary of defendant's estimated sentencing range under the U.S. Sentencing Guidelines Manual, including the applicable Guidelines Sections, Specific Offense Characteristics, groupings, and criminal history score and category. This submission provides the information required by the Court's February 10, 2022, Minute Order.

I.      Background

On November 10, 2021, the grand jury returned a 10-count Superseding Indictment in the above-captioned case. ECF No. 33. The Superseding Indictment charged the defendant with Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); Obstruction of an Official Proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and (2); Assaulting, Resisting or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1); Entering and Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1); Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2); Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4); Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(D), Impeding Passage Through the Capitol

Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(E); Acts of Physical Violence in the Capitol Grounds or Building, in violation of 40 U.S.C. § 5104(e)(2)(F); and Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). *Id.*

On February 7, 2022, defense counsel notified the Court that the defendant planned to plead to the Superseding Indictment at the Change of Plea Hearing scheduled for February 11, 2022. On February 10, 2022, the Court ordered the government, by 5 p.m. today, to submit a summary of defendant's estimated sentencing range under the U.S. Sentencing Guidelines Manual, including the applicable Guidelines Sections, Specific Offense Characteristics, groupings and criminal history score and category. This submission provides the information required by the Court's February 10, 2022, Minute Order.

## II.   Estimated Sentencing Range Under the U.S. Sentencing Guidelines Manual

*Count One.*  The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 18 U.S.C. § 1512(c)(2) is as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2J1.2(a) | Base Offense Level | 14 |
| U.S.S.G. § 2J1.2(b)(2) | Substantial Interference | +3 |
| U.S.S.G. § 2J1.2(b)(1)(B) | Injury/Property Damage to Obstruct | +8 |
| | Total | 25 |

*Count Two.*  The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 18 U.S.C. § 111(a)(1) is as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2 | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2(b) | Official Victim | +6 |
| | Total | 20 |

*Count Three.*  The estimated sentencing guidelines sections under the U.S. Sentencing Guidelines Manual for 18 U.S.C. § 231(a)(3) is as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2 | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2(b) | Official Victim | +6 |
| | Total | 20 |

*Count Four.*   The estimated sentencing guidelines  sections under the U.S. Sentencing Guidelines  Manual for 18 U.S.C. § 1752(a)(1) is as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2B2.3(a) | Base Offense Level | 4 |
| U.S.S.G. § 2B2.3(b)(1)(A)(vii) | Restricted Building  or Grounds | +2 |
| | Total | 6 |

*Count Five.*   The estimated sentencing guidelines  sections under the U.S. Sentencing Guidelines  Manual for 18 U.S.C. § 1752(a)(2) is as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2 | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2(b) | Official Victim | +6 |
| | Total | 20 |

*Count Six.*   The estimated sentencing guidelines  sections under the U.S. Sentencing Guidelines  Manual for 18 U.S.C. § 1752(a)(4) is as follows:

| | | |
|---|---|---|
| U.S.S.G. § 2A2.2 | Base Offense Level | 14 |
| U.S.S.G. § 3A1.2(b) | Official Victim | +6 |
| | Total | 20 |

*Counts Seven through Ten.*   The U.S. Sentencing Guidelines  do not apply  to Class B misdemeanors,  including  40 U.S.C. §§ 5104(e)(2)(D)-(G).

*Grouping.*   Pursuant to U.S.S.G. § 3D1.2(c), the government  submits  that all of the above counts group  together into a single  group.

*Combined Offense Level.*   Because Count 1, obstruction  of an official  proceeding,  is the most serious count comprising  the group—*i.e.*, because it has the highest offense level of the counts in the group—its  offense level constitutes the combined offense level for all of the counts to which the defendant is pleading  guilty.   Therefore, the total combined  base offense level is 25.

*Acceptance of Responsibility.*   Per U.S.S.G. § 3E1.1, the defendant's acceptance  of responsibility  reduces the estimated guidelines  range by 3 points, to level 22.  Thus, the total base offense level is 22.

### III.     Criminal History Score and Category

The defendant's criminal history score is zero, resulting in a criminal history category I.

### IV.     Estimated Sentencing Guidelines Range

Pursuant to U.S.S.G. § 5, Part A, the government submits that the defendant's total combined offense level is 22, criminal history category is I, and his estimated sentencing guidelines range is 41 to 51 months' imprisonment.   In addition, pursuant to U.S.S.G. § 5E1.2, should the Court impose a fine, at Guidelines level 22, the estimated applicable fine range is $15,000 to $150,000.

The United States reserves the right to amend its position regarding the above sentencing guidelines estimates between now and the time of sentencing—including, but not limited to, the right to request an upward departure pursuant to U.S.S.G. § 3A1.4, n.4.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:      */s/ Laura E. HIll*
LAURA E. HILL
Trial Attorney, Detailee
NV Bar No. 13894
175 N Street, NE, 9th Floor
Washington, D.C. 20002
Laura.E.Hill@usdoj.gov
(202) 598-3962

TROY A. EDWARDS, JR.
Assistant United States Attorney
N.Y. Bar No. 5453741
U.S. Attorney's Office, District of Columbia
555 4th Street, NW
Washington, D.C. 20001
Troy.Edwards@usdoj.gov
(202) 252-7081