**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : Case No. 21-cr-00193-BAH |
| | : |
| **GREG RUBENACKER,** | : |
| | : |
| **Defendant.** | : |

**DEFENDANT'S OBJECTION TO THE UNITED STATES'**
**SUMMARY OF DEFENDANT'S SENTENCING RANGE**

The Defendant, by his attorney, Michaelangelo Matera, is hereby notifying this Court of his objection to the United States' summary of the Defendant's estimated sentencing range that was filed January 10, 2022.

Defendant is charged via indictment with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. Specifically, Defendant in this case is charged with engaging in acts of civil disorder, in violation of 18 U.S.C. § 231(a)(3); assaulting federal law enforcement officers, in violation of 18 U.S.C. § 111(a)(1); obstructing an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and unlawfully entering the United States Capitol building and engaging in disorderly conduct, in violation of a series of misdemeanors.

The Defendant has previously indicated to the Court that the parties had been engaged in plea negotiations for several months but that an agreement could not be reached as it was the government's position that as a condition of the plea agreement Mr. Rubenacker and his counsel would not be permitted to contest the government's offense-level calculation. More specifically, it is our position that the government's calculation improperly assesses eight points to Mr. Rubenacker under U.S.S.G. §2J1.2(b)(1)(B) for, "causing or threatening to cause physical injury to a person, or property damage, in order to obstruct the administration of justice." It is the Defendant's position that there is no evidence whatsoever to support the application of this

enhancement, without which the resulting offense level would decrease by five points to 17.

It was and remains our position that the Defendant should not lose the right to contest the addition of these eight points in his pre-sentence memorandum and the Court should be permitted to make its own determination after hearing the positions of the parties on the issue, including the eight point enhancement that the government included in its submission earlier today.

The Defendant's position is and will be at the time of sentence that the following is the proper calculation in regards to the top count:

Count One:   18 U.S.C. §1512(c)(2):

| | | |
|---|---|---|
| U.S.S.G. §2J1.2(a) | Base Offense Level | 14 |
| U.S.S.G. §2J1.2(b)(2) | Substantial Interference | 3 |
| | Total | 17 |

The Defendant understands that he will be permitted to further explain his position prior to the time of sentence but believe that it was necessary to reiterate our objection at this point in light of the government's submission.

Dated: Melville, New York
       February 10, 2022

                                          Very Truly Yours,

                                          MICHAELANGELO MATERA

                                          The Matera Law Firm
                                          560 Broadhollow Road
                                          Suite 202
                                          Melville, NY 11747
                                          mmatera@materalaw.com
                                          (516) 741-6700

                                          *Counsel for Greg Rubenacker*

2