UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 21-cr-193 (BAH) |
| | : | |
| GREG RUBENACKER, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO MODIFY CONDITION OF SUPERVISED RELEASE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following response to the Defendant's Motion to Modify Condition of Supervised Released. Sealed Motion, Doc. 100. In his motion, the defendant seeks to modify his supervised release conditions to allow him to use medical marijuana. *See* Sealed Motion. The government opposes all relief sought by defendant, and the Court should deny the motion.

Although marijuana has been legalized in several states, the possession of marijuana remains illegal at the federal level, *see, e.g.*, 21 U.S.C. § 812, Schedule I(c), 21 U.S.C. § 844, and compliance with federal law is a mandatory condition of Rubenacker's release. *See* 18 U.S.C. § 3583(d). This Court should not proactively approve of any violation of federal law. "Under federal law, marijuana is 'contraband for *any* purpose,' and in the event of a conflict between federal and state law with regard to marijuana, 'federal law shall prevail' pursuant to the Supremacy Clause." *United States v. Johnson*, 228 F. Supp. 3d 57, 62 (D.D.C. 2017) (Lamberth, J., adopting Report and Recommendation of Harvey, M.J.) (quoting *Gonzalez v. Raich*, 54 U.S. 1, 27, 29 (2005); citing *United States v. Hicks*, 722 F.Supp.2d 829, 833 (E.D. Mich. 2010) ("It is indisputable that state medical-marijuana laws do not, and cannot, super[s]ede federal laws that

1

criminalize the possession of marijuana."). Accordingly, "every federal case addressing the issue has held that defendants are prohibited from using state-sanctioned medical marijuana while under federal court supervision." *Id.* (collecting cases). And although the D.C. Circuit does not appear to have directly opined on this issue, other courts of appeals that have considered the issue have found that courts cannot waive the condition of compliance with federal law, either in the supervised release context or as a condition of pretrial release. *See, e.g.*, *United States v. Schostag*, 895 F.3d 1025 (8th Cir. 2018) (affirming district court's denial of defendant's request to allow use of medical marijuana while on supervised release; "courts cannot amend conditions to contradict federal law"); *cf. United States v. Cannon*, 36 F.4th 496, 500 (3d Cir. 2022) (holding "the use of marijuana for medical purposes, even where sanctioned by state law, remains a violation of federal law for purposes of § 3142(b), and a District Court may not disregard that violation when deciding if a defendant has complied with the terms of their release.").

In the alternative, the defendant asks the Court not to take punitive action for a supervised release violation based on the defendant's use of medically prescribed marijuana. This request is functionally indistinguishable from the defendant's leading request to waive his compliance with federal law as to the possession of marijuana. This alternative request asks the Court to proactively "bless" his use of a federally controlled substance, which would violate Congress's intent to prohibit all violations of federal law by federally supervised defendants. *See* 18 U.S.C. § 3583(d).

For all the foregoing reasons, the government respectfully asks the Court to deny the defendant's motion to modify his conditions of release in all respects.

Respectfully Submitted,

                                        MATTHEW M. GRAVES  
                                      United States Attorney  
                                      D.C. Bar No. 481052

By:     */s/ Katherine E. Boyles*  
        Katherine E. Boyles  
        Assistant U.S. Attorney  
        D. Conn. Fed. Bar No. PHV20325  
        United States Attorney's Office  
        601 D Street NW  
        Washington, D.C. 20001  
        Phone: 203-931-5088  
        Email: Katherine.Boyles@usdoj.gov